UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR DUBOIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-96-P-H |
| | ) |
| WALDO COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER DENYING MOTION FOR SERVICE (DOCKET NO. 6)
AND DECISION RECOMMENDING DISMISSAL OF COMPLAINT**

Arthur Dubois has filed a 42 U.S.C. § 1983 action complaining that he was denied his medication while at the Waldo County Jail. He had named the "Waldo County Medical Department" and "Nurse/Doctor-Pam" as the defendants. I have concluded that this complaint fails to state of claim under the Eighth Amendment of the United States Constitution and recommend that this <u>in forma pauperis</u> action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and 28 U.S.C. § 1915A(b)(1). In light of this recommendation I deny Dubois's motion for service.

*Discussion*

In his statement of his claim Dubois alleges:

On February 20th 2008, I was transferred from the Cumberland County Jail to the Waldo County Jai in Belfast Maine. My medications were also transferred with me. During my first medication call at 9pm on 2-020-08 I noticed my Zanax, which was prescribed by a doctor, that I had seen by in the Cumberland County Jail, for anxiety-depression, and PTSD was not with the rest of my medications, but it was wrote down. The officer said I'll receive this on the 21st 08, as it was on order. The next day, I still never did receive this medication. I showed the officers who handed out the medication on the east med calls that my tremors and shakes were getting worse and they did nothing to help me obtain this medication Zanax—I went 2 days without this medication. On 2-22-08 Sgt. Walker told me

>   that I was being transferred to Windham Correctional Center.  Upon my arrival the intake nurse asked me why my tremors were so bad.  She looked at the medical list that come down with me and [saw] that my Zanax had not been marked off.  She then called Doctor Sharon Marble from mental health at this facility who was familiar with my medical issues as she had been my doctor in the past, and she put me on Klonopin 3 times a day in replacement of Zanax.  I am seeking $15,000 in punitive damages for pain and suffering. And [$]5,000 for vindictive as well from the Waldo County Sheriff's Department.  And I am seeking $10,000 for punitive damages for negligence and pain and suffering from the Waldo County Jail Medical Department as well as [$]2,500 for vindictive as well, from Pam who works one day a week—Nurse-Doctor.

(Compl. at 3.)

Dubois's complaint does not contain facts sufficient to "state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1974 (2007); see also Erickson v. Pardus, ---U.S. ----, ----, 127 S.Ct. 2197, 2200 (2007), under the deliberate indifference standard of the Eighth Amendment.

In Estelle v. Gamble the United States Supreme Court concluded "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.  429 U.S. 97, 104-05 (1976) (quoting Gregg v. Georgia, 428 U.S. 153,173 (1976)).   "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. (footnotes omitted).

Per his own allegations, Dubois went only two days without his Zanax medications, the failure to provide the medication related to his transfer from one correctional facility to another, and his "injury" was a temporary experience of tremors.  Although there is little question that anxiety, depression, and post-traumatic stress disorder can be serious medical conditions, these allegations of hand tremors simply do not arise to the level of a "serious illness or injury,"

Estelle, 429 U.S. at 105, sufficient to meet that requirement of his claim under the Eighth Amendment, see e.g., Hernandez v. Velasquez, __ F.3d __, __, 2008 WL 820999, 3 (5th Cir. 2008); Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000).

### *Conclusion*

For these reasons, I recommend that this court dismiss this action because it fails to allege an injury sufficient to satisfy the Eighth Amendment standard for deliberate indifference. I deny Dubois's motion for service.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 14, 2008                               /s/Margaret J. Kravchuk
                                             U.S. Magistrate Judge